UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E MCGUIRE,

    Plaintiff,

    v.

JOSEPH THOMPSON,

    Defendant.

CAUSE NO.: 3:18-CV-760-JD-MGG

OPINION AND ORDER

Dustin E. McGuire, a *pro se* prisoner, filed a complaint alleging that Dr. Joseph Thompson unnecessarily delayed medical treatment for his broken wrist, in violation of the Eighth Amendment. ECF 2. Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right;

and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

McGuire is an inmate at the Indiana State Prison. On October 1, 2016, he was injured by falling down the stairs. As a result, he was seen by Nurse Collins for his injuries, which included a swollen left wrist. Nurse Collins informed Dr. Thompson of McGuire's injuries; however, the doctor did not come out of his office to personally observe them. The next day, Nurse Collins again examined McGuire and noted that McGuire's left wrist was hurting and swollen with a bump on the top. She informed Dr. Thompson of these injuries, but he again did not come out of his office to personally examine them.

On October 3, McGuire's wrist was x-rayed. The x-ray technician told McGuire that the results would likely look "normal" due to the swelling. The technician told Dr. Thompson that the wrist needed to be x-rayed after the swelling went down. Dr. Thompson waited nearly 8 months to order an x-ray for McGuire's wrist. The x-ray revealed McGuire's wrist was broken. Dr. Thompson then ordered a second x-ray, which again showed that McGuire had a broken wrist. Dr. Thompson scheduled him to see an orthopedic surgeon on June 29, 2017, who applied a cast to McGuire's left wrist. After the cast was removed, the orthopedic specialist recommended surgery.

On September 14, 2017, McGuire was seen by hand surgeon, Randolph J. Ferlic. He told McGuire that surgery was required because Dr. Thompson waited too long to put his wrist in a cast. McGuire had wrist surgery on January 8, 2018. McGuire sues Dr. Thompson for money damages for denying medical care for his broken wrist.

In medical cases, the Eighth Amendment is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). But, prisoners are "not entitled to demand specific care. [They are] not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

> For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.

*Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Neither does mere "disagreement with medical professionals . . . state a cognizable Eighth Amendment Claim under the deliberate indifference standard of *Estelle v. Gamble* [429 U.S. 97 (1976)]." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Here, the complaint alleges that Dr. Thompson was aware that he needed to order another x-ray after the swelling in McGuire's wrist went down, but he nevertheless delayed getting that x-ray for nearly 8 months. This delay in treatment harmed McGuire. Because the complaint alleges that this medical provider knew that he needed medical attention, but unnecessarily delayed it, the complaint states a claim. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997); *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

For these reasons, the court:

3

(1) GRANTS the plaintiff leave to proceed against Dr. Thompson for delaying the receipt of proper medical treatment for his wrist after he fell on October 1, 2016, in violation of the Eighth Amendment;

(2) DISMISSES any and all other claims contained in the complaint;

(3) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Dr. Thompson at the Indiana Department of Correction with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(4) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Thompson respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 2, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT