UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. McGUIRE,

    Plaintiff,

    v.

JOSEPH THOMPSON,

    Defendant.

CAUSE NO.: 3:18-CV-760-JD-MGG

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a lawsuit against Dr. Joseph Thompson. ECF 2. Because Dr. Thompson failed to answer the complaint or otherwise defend himself, he was found to be in default. ECF 12, 13. McGuire subsequently filed a motion for default judgment, which remains pending. ECF 17. However, the court received notice in another case that Dr. Thompson passed away on May 5, 2019, *see Cook v. Neal*, 3:18-CV-836-JD-MGG, ECF 104, so a Notice of Death was docketed. ECF 23. McGuire has since filed a motion for substitution and a request for a ruling on both of his pending motions. ECF 28, 31.

Federal Rule of Civil Procedure 25(a)(1) provides, in relevant part, that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party." Rule 25(a)(1) also requires a motion for substitution by any party or the decedent's successor or representative to be filed "within 90 days after service of a statement noting the death." If a motion for substitution is not timely filed, "the action

by or against the decedent must be dismissed." *Id*. Here, the Notice of Death was filed on July 25, 2019, and the instant motion for substitution was filed within ninety days.

Presumably, McGuire's constitutional claim against Dr. Thompson, raised pursuant to 42 U.S.C. § 1983, would survive his death under the Indiana survivorship statute. *See Bennet v. Tucker*, 827 F.2d 63, 67–68 (7th Cir. 1987); Ind. Code § 34-9-3-1. However, only a "proper party" may be substituted for Dr. Thompson under Rule 25. Although Rule 25 does not specifically identify who a proper party is, it references successors and representatives. *See Bertam Music Co. v. P & C Enterprises, Inc.*, No. 09-CV-2253, 2011 WL 2633666, at *6 (C.D. Ill. July 5, 2011) ("[G]enerally, the proper party for substitution is the person who has the legal right and authority to defend against the claims brought against the deceased party.") (citing *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985)); *see also Atkins v. City of Chicago*, 547 F.3d 869, 873 (7th Cir. 2008) (noting that "the decedent's successors (if his estate has been distributed) or personal representative (it has not been)" should be considered). Moreover, the Indiana substitution statute, which applies here, provides:

> In instances where a cause of action was properly filed and commenced against a decedent prior to the decedent's death, the same shall be continued against the personal representative or successors in interest of the deceased, who shall be substituted as the party or parties defendant in such action, and in such instance it shall not be necessary for the claimant to file a claim as herein provided. In any action thus continued the recovery, if any, shall be limited as otherwise provided by law.

Ind. Code § 29-1-14-2. In other words, the Indiana statute allows cases like this one to only be "continued against the personal representative or successors in interest of the

2

deceased." *Id.*

McGuire has requested that the court substitute Corizon Health, Wexford, and the Indiana Department of Correction as defendants for Dr. Thompson. McGuire notes that Dr. Thompson worked for Corizon Health and Wexford within the Indiana Department of Correction during the time period in which Dr. Thompson allegedly delayed medical treatment for his broken wrist. However, there is no indication that any of these entities constitute a personal representative or successor in interest of Dr. Thompson. Thus, McGuire's motion cannot be granted as it currently stands.

However, in the interests of justice, the court will hold the motion for substitution in abeyance and allow McGuire additional time to determine whether there is a proper party to substitute in this case that can be appended to the original motion. Additionally, the motion for default judgment will be denied with leave to refile if and/or when McGuire substitutes a proper party.

For these reasons, the court:

(1) DENIES the motion for default judgment with leave to refile (ECF 17);

(2) HOLDS IN ABEYANCE the motion to substitute (ECF 28);

(3) DENIES AS MOOT the request for ruling (ECF 31);

(4) GRANTS Dustin E. McGuire until <u>April 1, 2020</u>, to file a status report with regard to the identity of a proper party to substitute; and

(5) CAUTIONS Dustin E. McGuire that if he does not respond by the deadline, this case may be dismissed.

SO ORDERED on December 18, 2019

                                                           /s/ JON E. DEGUILIO
                                      JUDGE
                                      UNITED STATES DISTRICT COURT