UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUSTIN E. MCGUIRE,<br><br>Plaintiff,<br><br>v.<br><br>JULIE KOLODZIEJ, as Administrator of the Estate of DR. JOSEPH M. THOMPSON,<br><br>Defendant. | CAUSE NO.: 3:18-CV-760-JD-MGG |

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a motion for leave to amend along with a proposed amended complaint.[1] ECF 34. In his motion, McGuire states that he seeks to bring an Eighth Amendment claim against an additional defendant regarding the lack of medical treatment he has continued to receive for his broken wrist. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

---

[1] The court stayed the case pending review of the proposed amended complaint. *See* ECF 46. The stay will now be lifted, and the court will proceed accordingly.

In the proposed amended complaint, McGuire names two defendants, Dr. Joseph Thompson and Dr. Nancy Marthakis. Dr. Thompson passed away on May 5, 2019, and has since been substituted in this action by Julie Kolodziej, the administrator of his estate. *See* ECF 46. In the interests of justice, the court will construe the proposed amended complaint as bringing a claim against the administrator of Dr. Thompson's estate rather than Dr. Thompson himself.

The facts pertaining to Dr. Thompson are identical to those alleged in the original complaint. McGuire is an inmate at the Indiana State Prison. On October 1, 2016, he was injured by falling down the stairs. As a result, he was seen by Nurse Collins for his injuries, which included a swollen left wrist. Nurse Collins informed Dr. Thompson of McGuire's injuries; however, he did not come out of his office to personally observe them. The next day, Nurse Collins again examined McGuire and noted that McGuire's left wrist was hurting and swollen with a bump on the top and a bruise on the palm. She informed Dr. Thompson of these injuries, but he again did not come out of his office to personally examine them.

On October 3rd, McGuire's wrist was x-rayed. The x-ray technician told McGuire that the results would likely look "normal" due to the swelling. The technician told Dr. Thompson that the wrist needed to be x-rayed after the swelling went down. However, Dr. Thompson waited nearly eight months to order an x-ray for McGuire's wrist. The x-ray revealed McGuire's wrist was broken. Dr. Thompson then ordered a second x-ray, which again showed that McGuire had a broken wrist. Dr. Thompson scheduled him to

2

see an orthopedic surgeon on June 29, 2017, who applied a cast to McGuire's left wrist. After the cast was removed, the orthopedic specialist recommended surgery.

On September 14, 2017, McGuire was seen by hand surgeon, Randolph J. Ferlic. He told McGuire that surgery was required because Dr. Thompson waited too long to put his wrist in a cast. McGuire had wrist surgery on January 8, 2018. During a post-surgery follow-up visit on March 13, 2018, Dr. Ferlic informed McGuire that he would need ongoing physical therapy for his wrist. He also noted that if he was still having pain or discoloration by October, his wrist would need to be evaluated. He was never given physical therapy.

In September of 2018, McGuire's wrist turned purple and began causing him an extreme amount of pain. Later that month, he saw Dr. Nancy Marthakis and informed her of the pain.[2] She didn't physically examine him, but she did order an x-ray. The x-ray, which was performed on September 28, 2018, showed that "nothing had changed since the surgery." ECF 34-1 at 11. Dr. Marthakis informed McGuire of those results on November 13, 2018. Despite McGuire's repeated complaints of pain and requests for additional help, Dr. Marthakis refused to order physical therapy, have his wrist reevaluated further, or provide any pain medication.

Approximately one year later, McGuire's wrist turned purple again and became cold to the touch. He saw Dr. Marthakis on December 3, 2019. He was in "so much pain that [he] was crying." *Id*. She noted the discoloration but didn't physically examine

---

[2] The allegations against Dr. Marthakis are new to the amended complaint.

3

McGuire's wrist. Rather, she simply prescribed pain medication. According to McGuire, Dr. Marthakis denied his requests for physical therapy and reevaluation due to cost concerns. Allegedly, she also told McGuire, "I won't see you for your left wrist anymore because you [have] a federal lawsuit" pending. *Id.* at 12. McGuire has sued both Dr. Thompson—who has since been substituted by the administrator of his estate—and Dr. Marthakis for monetary damages.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted).

Here, as to Dr. Thompson, he was allegedly aware he needed to order another x-ray after the swelling in McGuire's wrist went down, but he nevertheless delayed getting that x-ray for nearly eight months. This delay in treatment harmed McGuire.

4

Because the complaint alleges that Dr. Thompson knew McGuire needed medical attention, but unnecessarily delayed it, the complaint states a plausible claim against him. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997); *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008).

As to Dr. Marthakis, she was allegedly aware McGuire was in severe pain due to his wrist yet delayed providing him pain medication for approximately one year. She also allegedly refuses to provide any additional treatment or therapy despite knowing that McGuire is still suffering from his injury. Although further fact-finding may reveal that Dr. Marthakis had a valid reason for her actions, based on these allegations, McGuire has stated a plausible claim against her. *See Arnett*, 658 F.3d at 753 (collecting cases and noting that a "delay in treating non-life-threatening but painful conditions may constitute deliberate indifference" and that a "refusal to provide an inmate with prescribed medication or to follow the advice of a specialist can also state an Eighth Amendment claim if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain").

For these reasons, the court:

(1) LIFTS the stay (ECF 46);

(2) GRANTS the motion to amend (ECF 34);

(3) DIRECTS the clerk to separately docket the amended complaint (ECF 34-1);

(4) CONSTRUES the amended complaint as bringing a claim against Julie

Kolodziej, as administrator of the estate of Dr. Joseph M. Thompson, rather than Dr. Thompson himself;

(5) GRANTS Dustin E. McGuire leave to proceed against Julie Kolodziej, as administrator of the estate of Dr. Joseph M. Thompson, for Dr. Thompson's delay in providing him with adequate medical treatment for his wrist after he fell on October 1, 2016, in violation of the Eighth Amendment;

(6) GRANTS Dustin E. McGuire leave to proceed against Dr. Nancy Marthakis for failing to provide him with pain medication and/or adequate medical treatment for his wrist beginning in late September of 2018, in violation of the Eighth Amendment;

(7) DISMISSES all other claims;

(8) DIRECTS the clerk to request Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) Julie Kolodziej, as administrator of the estate of Dr. Joseph M. Thompson, at JPR Law, LLC, 2045 W. Grand #B91408, Chicago, Illinois 60612, with a copy of this order and the amended complaint, pursuant to 28 U.S.C. § 1915(d);

(9) DIRECTS the clerk to request Waiver of Service from (and, if necessary, the United States Marshals Service to serve process on) Dr. Nancy Marthakis at Wexford of Indiana, LLC, with a copy of this order and the amended complaint, pursuant to 28 U.S.C. § 1915(d);

(10) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth,

social security number, last employment date, work location, and last known home address of any defendant who does not waive service if they have such information;

(11) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Julie Kolodziej, as administrator of the estate of Dr. Joseph M. Thompson, and Dr. Nancy Marthakis to respond to the amended complaint, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Dustin E. McGuire has been granted leave to proceed in this screening order; and

(12) DENIES AS MOOT the request for ruling (ECF 37).

SO ORDERED on September 21, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT