UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

    Plaintiff,

    v.

JULIE KOLODZIEJ, as Administrator of
the Estate of DR. JOSEPH M.
THOMPSON, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-760-JD-MGG

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a motion for leave to amend along with a proposed second amended complaint. ECF 60. He also filed a motion for a preliminary injunction. ECF 61. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. Here, the proposed amendments would be futile.

McGuire was originally granted leave to proceed against Dr. Joseph Thompson in his individual capacity for monetary damages for delaying the receipt of proper medical treatment for his wrist after he fell on October 1, 2016, in violation of the Eighth

Amendment. *See* ECF 5. Because Dr. Thompson passed away on May 5, 2019, Julie Kolodziej, as the administrator of his estate, was substituted as the plaintiff in this action. *See* ECF 46. The court subsequently allowed McGuire to amend his complaint in order to bring an additional damages claim against Dr. Nancy Marthakis for failing to provide him with pain medication and/or adequate medical treatment for his wrist beginning in late September of 2018. *See* ECF 48.

In his motion, McGuire simply cites to Federal Rule of Civil Procedure 15(a) and asks the court to grant the amendment without further explanation. The attached proposed second amended complaint names Julie Kolodziej, as the administrator of the estate of Dr. Joseph Thompson, and Dr. Nancy Marthakis as defendants. The first page of his statement of facts is new and alleges that when he fell down the stairs on October 1, 2016, it was because they were carpeted. *See* ECF 60-1 at 2. The remainder of the facts section is identical to his amended complaint. *Id*. at 2–12. As set forth in the court's previous order, he alleges the following:

> McGuire is an inmate at the Indiana State Prison. On October 1, 2016, he was injured by falling down the stairs. As a result, he was seen by Nurse Collins for his injuries, which included a swollen left wrist. Nurse Collins informed Dr. Thompson of McGuire's injuries; however, he did not come out of his office to personally observe them. The next day, Nurse Collins again examined McGuire and noted that McGuire's left wrist was hurting and swollen with a bump on the top and a bruise on the palm. She informed Dr. Thompson of these injuries, but he again did not come out of his office to personally examine them.
> On October 3rd, McGuire's wrist was x-rayed. The x-ray technician told McGuire that the results would likely look "normal" due to the swelling. The technician told Dr. Thompson that the wrist needed to be x-rayed after the swelling went down. However, Dr. Thompson waited nearly eight months to order an x-ray for McGuire's wrist. The x-ray revealed McGuire's wrist was broken. Dr. Thompson then ordered a

second x-ray, which again showed that McGuire had a broken wrist. Dr. Thompson scheduled him to see an orthopedic surgeon on June 29, 2017, who applied a cast to McGuire's left wrist. After the cast was removed, the orthopedic specialist recommended surgery.

On September 14, 2017, McGuire was seen by hand surgeon, Randolph J. Ferlic. He told McGuire that surgery was required because Dr. Thompson waited too long to put his wrist in a cast. McGuire had wrist surgery on January 8, 2018. During a post-surgery follow-up visit on March 13, 2018, Dr. Ferlic informed McGuire that he would need ongoing physical therapy for his wrist. He also noted that if he was still having pain or discoloration by October, his wrist would need to be evaluated. He was never given physical therapy.

In September of 2018, McGuire's wrist turned purple and began causing him an extreme amount of pain. Later that month, he saw Dr. Nancy Marthakis and informed her of the pain. She didn't physically examine him, but she did order an x-ray. The x-ray, which was performed on September 28, 2018, showed that "nothing had changed since the surgery." ECF 34-1 at 11. Dr. Marthakis informed McGuire of those results on November 13, 2018. Despite McGuire's repeated complaints of pain and requests for additional help, Dr. Marthakis refused to order physical therapy, have his wrist reevaluated further, or provide any pain medication.

Approximately one year later, McGuire's wrist turned purple again and became cold to the touch. He saw Dr. Marthakis on December 3, 2019. He was in "so much pain that [he] was crying." *Id*. She noted the discoloration but didn't physically examine McGuire's wrist. Rather, she simply prescribed pain medication. According to McGuire, Dr. Marthakis denied his requests for physical therapy and reevaluation due to cost concerns. Allegedly, she also told McGuire, "I won't see you for your left wrist anymore because you [have] a federal lawsuit" pending. *Id*. at 12. McGuire has sued both Dr. Thompson—who has since been substituted by the administrator of his estate—and Dr. Marthakis for monetary damages.

ECF 48 at 2–4 (footnote omitted). The relief section is new. In addition to monetary damages, McGuire now requests relief in the form of an "injunction that will be filed." *Id*. at 13. The motion for preliminary injunction clarifies that he is seeking "proper medical care" and "to get the carpet removed from all staircases in the Indiana State Prison for safety." ECF 61 at 1.

3

With regard to the carpeted stairs, McGuire has not stated any sort of claim. First, he has sued only medical defendants, neither of whom are responsible for the condition of the stairs within the prison. Furthermore, the fact that McGuire believes the carpeting on the stairs contributed to his fall in 2016 does nothing to advance a claim for injunctive relief in 2020. The complaint does not plausibly suggest that the carpeting is causing any sort of present danger to McGuire. Therefore, allowing him to amend his complaint on this ground would be futile.

As to his request for proper medical care, McGuire has not plausibly alleged that he is currently failing to receive it. He alleges that Dr. Marthakis ordered an x-ray in September of 2018—the results of which showed "nothing had changed since the surgery"—and that she refused to give him pain medication at that time or have his wrist evaluated further. Approximately one year later, his wrist became more painful and turned purple. McGuire saw Dr. Marthakis in December of 2019, and, although she again refused to order physical therapy or have his wrist evaluated by an outside physician, she did prescribe naproxen, a pain medication. While McGuire claims generally that Dr. Marthakis refused to provide him with any further care after that visit, he offers no current information to support this allegation.[1] McGuire has not provided any details regarding the care (or lack thereof) he has received since the December 2019 visit, whether it involved Dr. Marthakis or any other healthcare

---

[1] As noted above, the facts in the proposed second amended complaint are an exact duplicate photocopy of those that were provided in his amended complaint which was filed with the court in February of 2020.

4

provider. Considering the amount of time that has elapsed between then and now, it is not reasonable to infer that McGuire is currently failing to receive constitutionally adequate medical care or that injunctive relief would be appropriate in this case. *See Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) (Inmates are "not entitled to demand specific care [nor] entitled to the best care possible."); *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (Before an inmate can obtain injunctive relief, he must make a clear showing that the medical care he is receiving violates the Eighth Amendment prohibition on cruel and unusual punishment.). Therefore, because the proposed second amended complaint does not state a plausible claim for injunctive relief, the request to amend will be denied. This case will continue to proceed on the claims set forth in this court's previous screening order. *See* ECF 48.

Turning to McGuire's motion for preliminary injunctive relief, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). Because McGuire's controlling complaint does not state a claim

5

for injunctive relief, the court cannot find that he has a reasonable likelihood of success on the merits. Thus, the motion for a preliminary injunction must be denied.

For these reasons, the motion to amend (ECF 60) and the motion for preliminary injunction (ECF 61) are DENIED.

SO ORDERED on October 30, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT