UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

Plaintiff,

v.                                                    CAUSE NO.: 3:18-CV-760-JD-MGG

JULIE KOLODZIEJ, as Administrator of
the Estate of DR. JOSEPH M.
THOMPSON, et al.,

Defendants.

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a second motion to appoint

counsel. ECF 105. The court denied Mr. McGuire's previous request because he had not

made a reasonable attempt to obtain counsel. ECF 77. McGuire was informed that he

could refile his motion after sending a copy of this court's screening order to ten

attorneys along with a letter asking they represent him and waiting a reasonable length

of time for responses. *Id*. If he chose to file another motion, he was directed to list the

attorneys he contacted, attach whatever responses he received, and to "explain why he

believes this case is difficult and why he is not competent to litigate it himself. He needs

to list all of his education and litigation experiences." *Id*. at 2.

"There is no right to court-appointed counsel in federal civil litigation." *Olson v.*

*Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir.

2007)). However, in some circumstances, the court may ask an attorney to volunteer to

represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Based on McGuire's current motions and related documentation, the court finds that he has made a reasonable attempt to obtain counsel on his own. Therefore, the court must determine whether McGuire is competent to litigate this case on his own.

"Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). "The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (*quoting Pruitt*, 503 F.3d at 655).

When determining whether to recruit pro bono counsel, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand." *Pruitt*, 503 F.3d at 655. The relevant inquiry "is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* There are no "fixed" requirements for determining a plaintiff's competence to litigate his own case, but the court should take into

consideration the plaintiff's "literacy, communication skills, educational level, and litigation experience." *Id*. In the end, "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id*.

Here, McGuire claims generally that he is not a skilled litigator and is "not educated in the legal system" (ECF 105 at 2), but he has not provided any specific information about his education history or previous litigation experience. A review of the court's electronic docket indicates McGuire has recently—and successfully— litigated a deliberate indifference case, without the assistance of an attorney, against several defendants. *See McGuire v. Blakely*, No. 3:18-CV-197-DRL (filed Feb. 20, 2018). In that case, which involved the denial of constitutionally adequate medical care, McGuire sought and received an entry of default against one of the defendants (*Id*. at ECFs 64– 66), subsequently filed a motion for default judgment (*Id*. at ECF 161), participated in a video hearing on the matter regarding damages (*Id*. at ECF 171), and ultimately received a judgment in the amount of $3,500 against the defaulted defendant on March 4, 2021 (*Id*. at ECF 172). He also successfully defended against a summary judgment motion filed by the other defendants in the case, which included issues of whether McGuire suffered from an objectively serious medical condition, whether the defendants were deliberately indifferent to it, and whether they were protected by qualified immunity (*see id*. at ECFs 114, 119 & 128). The court determined that McGuire had created genuine triable issues via his response and denied the motion. *Id*. at 128. The case was ultimately referred to a magistrate judge for a judicial settlement

conference (*Id*. at ECF 137), which resulted in the settlement and compromise of all remaining claims (*Id*. at ECF 160).

In this matter, McGuire has navigated the complicated issue of substituting Julie Kolodziej—the administrator of the estate of Dr. Joseph M. Thompson—for Dr. Thompson after McGuire received notice of his death. *See* ECFs 23, 28, 44, 46. He has since successfully amended his complaint twice, adding additional claims and defendants. *See* ECFs 48, 49, 79, 81. McGuire has also begun to engage in the discovery process. Throughout this case, he has demonstrated he is fully literate and capable of cogently expressing himself to the court, and he has actively pursued this litigation since its inception. With regard to the specific claims at issue, which involve an injury to his wrist and the care he subsequently received for it, McGuire has shown he has a good grasp of the relevant facts and the basic legal principles applicable to his claims. He has consistently described the injury and its progression in a chronological manner—providing details as to specific procedures and recommendations, alleged gaps in care, and the physical effects the injury has had and is having on him. Finally, McGuire asserts he will be unable to successfully litigate his case without an attorney because it will require extensive discovery which he "may not be allowed to have." ECF 105 at 1. Yet, the record already contains a plethora of medical documents, related grievance requests, and communications with prison officials, and discovery is only in its initial phases. *See e.g.* ECF 81 at 27–215. Thus, McGuire's assertion is mere speculation, as there is no indication he will not be able to obtain the necessary information as the case progresses.

In sum, after reviewing McGuire's voluminous filings, it is clear to the court that he is well-written, is able to communicate his positions effectively, can perform relevant legal research, has the ability to obtain appropriate documentation, and understands the overall nature of the case and the proceedings. Thus, appointing counsel for McGuire is not warranted at this time.

For these reasons, the court DENIES the motion to appoint counsel (ECF 105).

SO ORDERED this March 31, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge