UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

    Plaintiff,

    v.     CAUSE NO.: 3:18-CV-760-JD-MGG

JULIE KOLODZIEJ, as Administrator of
the Estate of DR. JOSEPH M.
THOMPSON, et al.,

    Defendants.

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a motion to reconsider the court's denial of his motion to appoint counsel. ECF 114. Reconsideration of an interlocutory order "is a matter of a district court's inherent power" and is "committed to a court's sound discretion." *Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008) (citations omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (Granting a motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in

the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.") (citation omitted).

McGuire's previous motion to appoint counsel was denied because, after reviewing McGuire's voluminous filings, the court determined he is well-written, is able to communicate his positions effectively, can perform relevant legal research, has the ability to obtain appropriate documentation, and understands the overall nature of the case and the proceedings. ECF 106. Specifically, the court noted:

> McGuire claims generally that he is not a skilled litigator and is "not educated in the legal system" (ECF 105 at 2), but he has not provided any specific information about his education history or previous litigation experience. A review of the court's electronic docket indicates McGuire has recently—and successfully—litigated a deliberate indifference case, without the assistance of an attorney, against several defendants. *See McGuire v. Blakely*, No. 3:18-CV-197-DRL (filed Feb. 20, 2018). In that case, which involved the denial of constitutionally adequate medical care, McGuire sought and received an entry of default against one of the defendants (*Id.* at ECFs 64–66), subsequently filed a motion for default judgment (*Id.* at ECF 161), participated in a video hearing on the matter regarding damages (*Id.* at ECF 171), and ultimately received a judgment in the amount of $3,500 against the defaulted defendant on March 4, 2021 (*Id.* at ECF 172). He also successfully defended against a summary judgment motion filed by the other defendants in the case, which included issues of whether McGuire suffered from an objectively serious medical condition, whether the defendants were deliberately indifferent to it, and whether they were protected by qualified immunity (*see id.* at ECFs 114, 119 & 128). The court determined that McGuire had created genuine triable issues via his response and denied the motion. *Id.* at 128. The case was ultimately referred to a magistrate judge for a judicial settlement conference (*Id.* at ECF 137), which resulted in the settlement and compromise of all remaining claims (*Id.* at ECF 160).
> 
> In this matter, McGuire has navigated the complicated issue of substituting Julie Kolodziej—the administrator of the estate of Dr. Joseph M. Thompson—for Dr. Thompson after McGuire received notice of his death. *See* ECFs 23, 28, 44, 46. He has since successfully amended his complaint twice, adding additional claims and defendants. *See* ECFs 48, 49, 79, 81. McGuire has also begun to engage in the discovery process.

> Throughout this case, he has demonstrated he is fully literate and capable of cogently expressing himself to the court, and he has actively pursued this litigation since its inception. With regard to the specific claims at issue, which involve an injury to his wrist and the care he subsequently received for it, McGuire has shown he has a good grasp of the relevant facts and the basic legal principles applicable to his claims. He has consistently described the injury and its progression in a chronological manner—providing details as to specific procedures and recommendations, alleged gaps in care, and the physical effects the injury has had and is having on him. Finally, McGuire asserts he will be unable to successfully litigate his case without an attorney because it will require extensive discovery which he "may not be allowed to have." ECF 105 at 1. Yet, the record already contains a plethora of medical documents, related grievance requests, and communications with prison officials, and discovery is only in its initial phases. *See e.g.* ECF 81 at 27–215. Thus, McGuire's assertion is mere speculation, as there is no indication he will not be able to obtain the necessary information as the case progresses.

*Id*. at 3–4.

In his current motion, McGuire argues that counsel should be appointed because he only has a high school diploma and is not educated in the legal or medical fields. These facts do not change the analysis above. McGuire also argues that he will be unable to perform depositions, but he does not explain why he believes this to be the case. He speculates the case will require expert witnesses, but he does not explain what experts would be necessary. Moreover, even if the court were to find a lawyer who would volunteer to represent him for free, that would not obligate the lawyer to spend her own money to hire an expert witness. Finally, McGuire alleges the Indiana State Prison is withholding copies of grievances, additional medical records, videos, pictures, and documents from him. However, McGuire does not allege that he has yet engaged in the official discovery process to obtain these documents, nor that he is unable to do so.

The discovery phase is only in its inception in this case,[1] and McGuire has already filed several discovery requests. *See* ECFs 98, 99, 100. Of note, he was able to engage fully in the discovery process in *McGuire v. Blakely*, No. 3:18-CV-197-DRL (filed Feb. 20, 2018) (*see e.g.* ECFs 30, 31, 31, 45, 48, 51, 68, 80, 98), including filing an—albeit untimely—motion to compel (*see id*. at ECF 145). Accordingly, there is no basis to grant the motion to reconsider, as McGuire has not shown the previous order contained an error of law or fact or that he is incompetent to litigate this case himself. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *see also Publishers Res., Inc.*, 762 F.2d at 561.

For these reasons, the court DENIES the motion to reconsider (ECF 114).

SO ORDERED this April 8, 2021.

s/Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge

---

[1] In fact, the court has not yet issued a scheduling order because the Warden's Answer is not due until April 19, 2021. *See* ECF 108.