UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

　　　　　Plaintiff,

　　　　　v.　　　　　　　　　　　　　　CAUSE NO.: 3:18-CV-760-JD-MGG

JULIE KOLODZIEJ, as Administrator of
the Estate of DR. JOSEPH M.
THOMPSON, et al.,

　　　　　Defendants.

OPINION AND ORDER

　　　　Dustin E. McGuire, a prisoner without a lawyer, filed a motion for leave to amend along with a proposed third amended complaint. ECF 115. He also filed a fourth motion for a preliminary injunction. ECF 113. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. Here, the proposed amendments would be futile.

　　　　McGuire was originally granted leave to proceed against Dr. Joseph Thompson in his individual capacity for monetary damages for delaying the receipt of proper medical treatment for his wrist after he fell on October 1, 2016, in violation of the Eighth

Amendment. *See* ECF 5. Because Dr. Thompson passed away on May 5, 2019, Julie Kolodziej, as the administrator of his estate, was substituted as the plaintiff in this action. *See* ECF 46. In September of 2020, the court allowed McGuire to amend his complaint in order to bring an additional damages claim against Dr. Nancy Marthakis for failing to provide him with pain medication and/or adequate medical treatment for his wrist beginning in late September of 2018. *See* ECF 48. He sought to amend again, and in February of 2021, he was granted leave to add a claim for injunctive relief against the Warden to ensure he is provided with constitutionally adequate medical care for his left wrist as required by the Eighth Amendment. *See* ECF 79.

In his current motion, McGuire cites to Federal Rule of Civil Procedure 15(a) and states "[e]vents have occurred since Plaintiff filed his complaint which are similar in nature to the violations alleged in the complaint filed on September 14, 2018." ECF 115 at 1. He seeks to add First Amendment retaliation claims against the Warden of the Indiana State Prison, Ron Neal, and against Dr. Nancy Marthakis. These claims are set forth in a stand-alone fashion—none of his previous claims are incorporated in the proposed third amended complaint. This violates the court's local rules, which provide that parties seeking to amend a complaint must submit a copy of the proposed amended complaint in its entirety. N.D. Ind. L.R. 15-1. The local rules prohibit parties from amending the complaint in a piecemeal fashion, *id.*, because an amended complaint will supersede all earlier pleadings and control the case from that point forward. *French v. Wachovia Bank*, 574 F.3d 830, 835 (7th Cir. 2009). Thus, the motion could be denied solely on that ground.

However, even if the court were to consider the merits of the proposed amended claims, they would be futile. "To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (internal quotation marks and citations omitted). Not all actions alleged to be retaliatory must be "actionable in and of themselves . . .." *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). Rather, "if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983." *Id*.

Here, McGuire alleges that on March 22, 2021, he was given a "classification paper" to sign regarding an upcoming transfer, but he refused to do so. ECF 115-1 at 2. He tried to contact the Warden via email and letter to inform him his life would be in danger if he was transferred "due to the type of case the Plaintiff has because the Plaintiff['s] case was high profile," but the Warden has not responded. *Id*. at 3. McGuire asked the prison staff where he is going to be transferred to, but he was told they do not know. McGuire believes the upcoming transfer is being done in retaliation for having filed this lawsuit and having settled another.

As to Dr. Marthakis, he alleges that since she was added as a defendant in this lawsuit in September of 2020, Dr. Marthakis has provided him with "little to no medical care at all." *Id*. at 5. He has submitted multiple healthcare requests for his right foot, knee, and wrist, but they have gone unanswered. On March 31, 2021, McGuire asked an

officer to call medical so he could be seen for a possible hairline fracture on his right foot, but "once medical realized who they was (sic) going to see, the Plaintiff was denied medical care and was sent back to his shelter." *Id*. at 6. He believes Dr. Marthakis is retaliating against him by refusing him medical care because he filed lawsuits against her.

Although McGuire characterizes their actions as "retaliation," there are no facts indicating these claims are based on anything other than McGuire's speculation about the defendants' motives. Nothing in the complaint—other than McGuire's own bald assertion—suggests the Warden is transferring him out of retaliation. While McGuire claims his life will be in danger if he is transferred, this cannot be plausibly inferred based on the sparse facts presented, especially considering it is not clear where he will be transferred to. The same is true as to Dr. Marthakis. He indicates he has submitted multiple healthcare requests, but he does not plausibly allege she was aware of them. And, while McGuire alleges he was denied medical care for a possible hairline fracture on March 21st once "they" figured out who he was, it is not reasonable to infer Dr. Marthakis had anything to do with that decision as McGuire hasn't even alleged she was present. These claims are simply too speculative to be allowed to proceed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."); *see also Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.").[1] Thus, because the proposed third amended complaint does not state any plausible retaliation claims, the request to amend will be denied. This case will continue on the claims set forth in this court's most recent screening order. *See* ECF 79.

Turning to McGuire's motion for preliminary injunctive relief, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the moving party must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

Here, McGuire alleges the Warden is going to transfer him out of the Indiana State Prison due to retaliation. He does not know what prison he is going to be transferred to, but he alleges (without providing any supporting details) that the Indiana State Prison is the "safest place for the Plaintiff due to his case and because his case was high profile." ECF 113 at 2. He asks the court to issue an injunction to stop the transfer. However,

---

[1] Moreover, McGuire has already been granted leave to proceed on a claim for injunctive relief to ensure he is provided with constitutionally adequate medical care. And, he is proceeding on an Eighth Amendment claim for monetary damages against Dr. Marthakis for denying him adequate medical care. Therefore, adding the proposed retaliation claim against Dr. Marthakis would be redundant. *See Williams v. Snyder*, 150 F. App'x 549, 552 (7th Cir. 2005) ("The remainder of [plaintiff's] substantive legal theories . . . warrant little discussion [b]ecause they all involve the same set of facts . . . they would be redundant even if we found that he stated a claim.); *Conyers v. Abitz*, 416 F.3d 580, (7th Cir. 2005) (dismissing claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels").

because McGuire has not been granted leave to proceed on a retaliation claim, he has no reasonable likelihood of success on the merits. Additionally, even if McGuire had been allowed to do so, he has not shown he will suffer irreparable harm before the final resolution of his claims. On this record, the allegation that the Indiana State Prison is the only safe place for him and that he will be in danger if transferred anywhere else, is pure speculation. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."). Therefore, the motion for a preliminary injunction must be denied.

For these reasons, the motion to amend (ECF 115) and the motion for preliminary injunction (ECF 113) are DENIED.

SO ORDERED on May 4, 2021

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT