UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

    Plaintiff,

    v.                                         CAUSE NO. 3:18-CV-760-JD-MGG

NANCY MARTHAKIS, et al.,

    Defendants.

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, has asked the undersigned to recuse himself from this case. ECF 118. McGuire believes that because the undersigned was the assigned magistrate judge in a separate case which is now closed—*McGuire v. Ron Neal, et. al*, 3:18-CV-197-DRL-MGG, filed Feb. 20, 2018—a conflict of interest exists. He takes issue with the fact that the *Neal* case was mentioned in this court's order denying his recent motion to appoint counsel and motion for reconsideration. *See* ECF 106 & ECF 116. Pursuant to 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion [because] opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). There is no basis for recusal here. In ruling on the

aforementioned motions, it was entirely appropriate to consider McGuire's past litigation history, and there is no reason why the undersigned's impartiality might reasonably be questioned. *See e.g. Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007) (When considering whether to appoint counsel, the court should take into consideration the plaintiff's "literacy, communication skills, educational level, and *litigation experience*.") (emphasis added). Thus, the request to recuse will be denied.[1]

McGuire also asks the clerk to enter default against Dr. Nancy Marthakis for failing to respond to his first set of interrogatories. ECF 120. The interrogatories were filed on March 16, 2021, and a response was purportedly due on April 15, 2021. *See* ECF 99. McGuire filed the request for default on the due date itself, and Dr. Marthakis responded the next day by asking the court to set discovery deadlines in general or, in the alternative, to extend the existing interrogatory deadline to May 16, 2021. ECF 121. Counsel for Dr. Marthakis points out that Dr. Marthakis filed an answer to McGuire's second amended complaint on March 3, 2021 (ECF 87), which contained an affirmative defense that McGuire had failed to exhaust his administrative remedies prior to filing the lawsuit. Counsel correctly notes it is the court's general practice not to issue a merits discovery schedule until any exhaustion issues are resolved.[2] Counsel represents that,

---

[1] To the extent McGuire is again asking the court to reconsider appointing him counsel, his letter does not provide a valid basis for reconsidering the court's prior rulings (ECFs 106 & 116). However, if he still believes counsel is necessary to proceed, he may file a new motion that addresses the relevant factors in the context of the case's current procedural status.

[2] A status report order was not immediately entered by the court because the Warden's answer to McGuire's second amended complaint was still outstanding. However, the Warden has since answered the second amended complaint, and his answer also contains an affirmative defense that McGuire failed to exhaust his administrative remedies. ECF 125 at 2.

due to a calendaring error, the interrogatory deadline was inadvertently missed, but he would have requested an extension in light of the then-pending exhaustion issue had it been properly calendared.[3]

The Federal Rules of Civil Procedure authorize the court to sanction parties with adverse consequences—including default judgment—if they do not comply with the court's discovery orders. Fed. R. Civ. P. 37(b). "The rule's plain language limits its applicability to situations where a *court order* has been violated. Moreover, the caselaw reveals that Rule 37(b)(2) has been invoked only against parties who have disobeyed a discovery *ruling* of some sort." *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir. 1994) (emphasis added). Here, there is no indication that any court order has been violated or that Dr. Marthakis disobeyed a specific discovery ruling. McGuire did not file a motion to compel pursuant to Rule 37(a) regarding the interrogatories in question which would have resulted in a judicial determination, nor has the court issued a general discovery schedule. Moreover, even if the failure to respond to the interrogatories could be construed as a violation of a court order, entering default against Dr. Marthakis would be inappropriate at this time. For the harsh sanction of default judgment to be imposed, the plaintiff must show the defendants "acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016); *Barnhill v. United States*, 11 F.3d 1360, 1368 (7th Cir.

---

[3] Dr. Marthakis withdrew her exhaustion defense on April 16, 2021. ECF 123.

3

1993). While Dr. Marthakis failed to answer McGuire's interrogatories by April 15th, she did respond by filing a motion to extend the deadline the very next day. Her counsel admitted to a calendaring error, which at most can be described as inadvertence or mistake. Moreover, due to the uncertainty regarding the then-pending exhaustion defense and the fact that the court had not yet issued a discovery schedule, it is clear that discovery sanctions are not warranted in this particular instance. Therefore, McGuire's request will be denied.

As noted above, Dr. Marthakis filed a separate motion to enlarge the deadline to respond to the interrogatories. ECF 121. Although she has withdrawn her exhaustion defense (ECF 123), the Warden has since filed one of his own. *See* ECF 125 at 2. Therefore, the court finds it appropriate to extend the deadline to respond to the interrogatories in question (ECF 99) until 30 days following the resolution of the exhaustion issue. Furthermore, any other discovery not involving the exhaustion of administrative remedies will also be stayed until the issue is resolved. As such, the following motions will be denied with leave to refile, if necessary, upon the resolution of the exhaustion issue: McGuire's motion for additional interrogatories (ECF 119); the Estate of Dr. Thompson's motion to compel (ECF 129); McGuire's motion regarding the Indiana Department of Correction's discovery materials (ECF 135); and McGuire's motion regarding the Indiana State Prison Medical Provider's records (ECF 136).

Additionally, McGuire filed a motion asking that a "court order" be issued to the Indiana State Prison directing it to "provide a copy for free to the Plaintiff of any and all informal and formal grievances in reference to this case." ECF 137 at 2. While this

motion does appear to reference discovery materials that may possibly pertain to the issue of exhaustion, the Indiana State Prison is not a party in this case. It is true that a plaintiff may subpoena documents from individuals or entities that are not a party to the case under certain circumstances. Fed. R. Civ. P. 45. However, McGuire has not specifically requested a subpoena, nor has he explained why he needs a subpoena or other "court order" to obtain the information he seeks. It is likely within the possession of one of the defendants in this case, namely the Warden. Subpoenas are unnecessary to obtain documents from a defendant. The proper method for a plaintiff to obtain documents and other evidentiary materials from a defendant is to serve requests for production on defense counsel and to file a copy of the discovery requests with the court. *See* Fed. R. Civ. P. 26-37; N.D. Ind. L.R. 26-2. There is no indication in the record that McGuire has attempted this formal discovery process. Thus, to the extent he is entitled to the information he seeks, it appears that he can obtain it with a request for production served on the Warden's defense counsel. McGuire is reminded that discovery at this time, if any, should only be requested if needed to respond to a possible motion for summary judgment filed by the defendants regarding the exhaustion of administrative remedies. Any such requests should focus solely on the potential issue of exhaustion and should be tailored as such. If—after the discovery process has culminated—the defendant is unable to produce relevant requested

information, McGuire may submit a proposed subpoena to the court for consideration. For these reasons, McGuire's motion will be denied.[4]

Finally, McGuire has filed a "motion to separate defendants." ECF 130. In it, he appears to allege Julie Kolodziej, the Administrator of the Estate of Dr. Joseph M. Thompson, is being unresponsive to his discovery requests, and he asks the court to "separate Defendant Julie Kolodziej from Defendants Dr. Nancy Marthakis and Warden Ron Neal" because "there are on going issues which would fall under Dr. Nancy Marthakis and Warden Ron Neal." *Id*. at 1–2. To the extent McGuire is attempting to voluntarily dismiss the Estate of Dr. Joseph M. Thompson from this action, he may do so by filing a separate request with the court pursuant to Federal Rule of Civil Procedure 41(a)(2). To the extent he is attempting to sever this case into two separate actions, the defendants have filed a joint response in opposition. *See* ECF 132. They object, noting McGuire has not identified any legal basis to sever this case, nor has he established that a severance would preserve judicial resources or make administrative sense. They point out that McGuire's allegations pertain to treatment — or lack thereof — regarding the same medical condition and that similar evidence and discovery materials will pertain to all defendants. While it is true that even properly joined

---

[4] In the motion, McGuire references a letter he sent to the clerk of court in December of 2020 asking for the same (ECF 71) & a response regarding the court's denial of his earlier request for counsel in which he references the request in the letter (ECF 78). These documents are not proper motions. Even if they were, the court would deny them for the same reasons mentioned above.

6

defendants can be severed into separate lawsuits,[5] the matter remains within the discretion of the court. *See e.g. Vermillion v. Levenhagen*, 604 Fed. Appx. 508, 512–13 (7th Cir. 2015) (noting that the court has discretion to sever claims or parties that are "discrete and separate" when severance would promote judicial economy and avoid prejudice). Here, McGuire has not identified any prejudice rationally related to the joinder.[6] Moreover, the court finds judicial economy will best be served if the parties remain in one lawsuit due to the similarity of the claims and likely overlapping discovery materials. Thus, McGuire's motion will be denied.

For these reasons, the court:

(1) DENIES the request to recuse (ECF 118);

(2) DENIES the request to enter default judgment against Dr. Nancy B. Marthakis (ECF 120);

(3) GRANTS Dr. Nancy B. Marthakis's motion for enlargement of time (ECF 121) and EXTENDS the deadline to respond to ECF 99 until 30 days following the resolution of the exhaustion of administrative remedies issue raised by the Warden;

(4) STAYS any discovery not involving the exhaustion of administrative remedies until the exhaustion issue raised by the Warden is resolved;

(5) DENIES WITH LEAVE TO REFILE the motion for additional interrogatories

---

[5] *See* Fed. R. Civ. P. 20(a)(2) (describing defendant who may be joined in one action); *see also* Fed. R. Civ. P. 21 ("On motion or in its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

[6] The court notes that McGuire chose to add the defendants together in one case though various amendments to his complaint.

(ECF 119), the motion to compel (ECF 129), the motion regarding the Indiana Department of Correction's discovery materials (ECF 135); and the motion regarding the Indiana State Prison Medical Provider's records (ECF 136);

(6) DENIES the motion asking the court to issue an order to the Indiana State Prison (ECF 137); and

(7) DENIES the motion to separate (ECF 130).

SO ORDERED this May 5, 2021.

                                                s/Michael G. Gotsch, Sr.
                                                Michael G. Gotsch, Sr.
                                                United States Magistrate Judge