UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUSTIN E. MCGUIRE,

    Plaintiff,

v.

JULIE KOLODZIEJ, as Administrator of
the Estate of DR. JOSEPH M.
THOMPSON, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-760-JD-MGG

OPINION AND ORDER

Dustin E. McGuire, a prisoner without a lawyer, filed a "reply" to the court's order denying his motion to reconsider. ECF 133. Essentially this is a second attempt to reconsider the court's denial of his motion to appoint counsel. *See* ECFs 105, 106, 114, 116. Reconsideration of an interlocutory order "is a matter of a district court's inherent power" and is "committed to a court's sound discretion." *Cima v. Wellpoint Health Networks, Inc.*, 250 F.R.D. 374, 386 (S.D. Ill. 2008) (citations omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted); *see also Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (Granting a motion to reconsider is proper when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider

would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.") (citation omitted).

McGuire's previous motion to appoint counsel was denied because, after reviewing McGuire's voluminous filings, the court determined he is well-written, is able to communicate his positions effectively, can perform relevant legal research, has the ability to obtain appropriate documentation, and understands the overall nature of the case and the proceedings. ECF 106. After considering the new arguments raised, the court denied the motion to reconsider that order because McGuire had not shown the previous order contained an error of law or fact or that he is incompetent to litigate this case himself. ECF 116.

In his reply, McGuire essentially rehashes his previous arguments. He adds that his high school GPA was 2.319, but he does not explain why this would change the court's previous analysis. The attached transcripts (ECF 133 at 5–6) show McGuire had an individualized education plan in several subjects and struggled with standardized testing, but he managed to maintain mostly B's and C's, including in English and Science until his senior year when he received a D and D- in English. He also took "Bus Law," which the court assumes was a course in business law, and he received a B- in that class. As of his junior year, McGuire's class rank was 90/118.[1] While the transcripts show McGuire may have been only a marginal scholar, he has articulated his claims

---

[1] A rank is not provided for his senior year, but McGuire admits he graduated from high school.

quite clearly in this case, and many of the materials he has submitted to the court have been well above average for a prisoner litigator.

He again alleges that the Indiana State Prison refuses to turn over medical records, grievances, videos, pictures, and reports, but—as mentioned in the court's previous order denying reconsideration— he has not alleged that he has attempted to engage in the official discovery process to obtain the documents or that he is unable to do so.[2] McGuire again argues that he will be unable to perform depositions because he is not able to move freely throughout the prison, but he does not say who he wishes to depose, why it would be necessary, or what information he would obtain from fellow inmates and staff during a deposition that he would be unable to obtain via affidavits or other written discovery. He again argues that he is not educated in the legal or medical fields, but most prisoner litigants are not, so that alone is not a basis for appointing counsel. He also states he was assisted in his previous case by two fellow inmates, but he doesn't explain what specific tasks they performed for him that he was unable to do himself, nor does he allege he will be unable to obtain similar help from other prisoner litigators if the need arises in this case. Accordingly, there is no basis to reconsider the court's reconsideration order as McGuire has not shown it contained an error of law or fact or that he is incompetent to litigate this case himself. *See Publishers Res., Inc.*, 762 F.2d at 561.

---

[2] Discovery is currently stayed pending the resolution of the exhaustion issue raised by the Warden. *See* ECF 140. McGuire also complains that the court has not ruled on his discovery requests found at ECF 71 & ECF 78, but those issues have since been addressed. *See* ECF 140 at 6, n. 4.

Additionally, McGuire has filed another motion for appointment of counsel. ECF 147. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties for free.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654. Based on McGuire's current and past motions and related documentation, the court finds that he has made a reasonable attempt to obtain counsel. Therefore, the court must determine whether McGuire is competent to litigate this case on his own.

"Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). "The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Henderson v. Ghosh*, 755 F.3d 559, 565 (7th Cir. 2014) (*quoting Pruitt*, 503 F.3d at 655).

When determining whether to recruit pro bono counsel, "the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are

4

examined in light of the challenges specific to the case at hand." *Pruitt*, 503 F.3d at 655. The relevant inquiry "is whether the difficulty of the case—factually and legally— exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* There are no "fixed" requirements for determining a plaintiff's competence to litigate his own case, but the court should take into consideration the plaintiff's "literacy, communication skills, educational level, and litigation experience." *Id.* In the end, "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.*

Here, McGuire references the aforementioned "reply" to the court's denial of his motion to reconsider (ECF 133), and he again argues he is unable to properly investigate the facts, may not be allowed to have discovery materials, may not be able to perform depositions because he cannot move freely around the prison, is not skilled or qualified in the law, was assisted by fellow inmates in his previous case, and had a high school GPA of 2.319. These contentions have been thoroughly addressed above and in previous orders. *See* ECF 106 & ECF 116. Overall, nothing in McGuire's new motion changes the court's conclusion that he is well-written, is able to communicate his positions effectively, can perform relevant legal research, has the ability to obtain appropriate documentation, and understands the overall nature of the case and the proceedings. Therefore, the motion will be denied.

For these reasons, the court:

(1) DENIES the requests contained in Dustin E. McGuire's "reply" to the court's

5

order denying reconsideration (ECF 133); and

    (2) DENIES the motion to appoint counsel (ECF 147).

SO ORDERED this June 8, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge
